UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ELVIN SHEPHERD PETITIONER

V. CIVIL ACTION NO. 3:25-CV-421-DPJ-ASH

WARDEN, FCC YAZOO CITY RESPONDENT

REPORT AND RECOMMENDATION

Petitioner Elvin Shepherd, Jr., a federal inmate, filed this petition under 28 U.S.C. § 2241 challenging the Bureau of Prisons' calculation of his sentence. As explained below, the undersigned recommends the Court deny Shepherd's petition.

I. Facts and Procedural History

On January 25, 2018, the federal grand jury in the Western District of Louisiana handed down an indictment charging Shepherd and others with federal drug-trafficking charges. On February 21, 2018, Louisiana state authorities arrested Shepherd on separate state drug-trafficking charges. Shepherd remained in state custody until March 6, 2018, when he was temporarily transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum. While he was in federal custody, Shepherd picked up a new state charge on July 6, 2018 ("State Charge #2"), his original state charges were dismissed on August 1, 2018, and he received a third state charge on July 6, 2019 ("State Charge #3"). In the meantime, on June 25, 2018, Shepherd pleaded guilty to one federal charge, and on July 18, 2019, the federal court sentenced Shepherd to serve a 120-month term of incarceration with the BOP. The federal sentencing court's judgment recommended that Shepherd "receive credit for time served while in federal custody since February 21, 2018." McEvoy Decl. [6-1] Attach. 5 at 2. On July 19, 2019, Shepherd was returned to the custody of state authorities for resolution of open state charges.

On August 22, 2019, the state court sentenced Shepherd on State Charge #2 (the July 6, 2018 charge). For that charge, Shepherd was given a one-year sentence of hard labor, with credit for time served since February 21, 2018, to run concurrent with any other sentences. That one-year, time-served sentence was fulfilled on February 21, 2019, but Shepherd remained in state custody. On March 25, 2021, the state court sentenced Shepherd on State Charge #3 (the July 6, 2019 charge). For that charge, Shepherd was sentenced to one year of hard labor, with credit for time served since September 12, 2019, consecutive with any other sentences. That one-year, time-served sentence was fulfilled on September 11, 2020. Shepherd remained in state custody until March 31, 2021, when he was turned over to the exclusive custody of the United States Marshals Service.

The BOP has calculated Shepherd's federal sentence as beginning on March 31, 2021, and has awarded him 403 days of jail credit for the periods from (1) February 22, 2019, through September 11, 2019 (202 days), and (2) September 11, 2020, through March 30, 2021 (201 days). In other words, Shepherd has been given credit for the time between his sentences for State Charge #1 and State Charge #2, and for the time after his sentence for State Charge #2 ran but before he was transferred to BOP custody. Believing he should receive additional credit towards his federal sentence for time he was in custody between February 21, 2018, and March 30, 2021, Shepherd filed this habeas petition on June 10, 2025. *See* Pet. [1] at 5 (asking the Court to "direct[] the BOP to credit Petitioner with an additional 730 days of prior custody credit"). Respondent answered [6] the petition, and Shepherd filed a reply [8].

II. Analysis

"The BOP is responsible for calculating sentencing credit, and the proper vehicle for raising . . . a challenge [to that calculation] is a petition pursuant to 28 U.S.C. § 2241." *United*

*States v. Sonsteng*, No. 2:17-539, 2021 WL 2380054, at *1 (S.D. Tex. June 9, 2021) (citing *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)). Before filing a § 2241 petition, "[a] federal prisoner seeking credit on his sentence . . . 'must first exhaust his administrative remedies through the'" BOP. *Castano v. Everhart*, 235 F. App'x 206, 207 (5th Cir. 2007) (quoting *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990)). Respondent does not suggest Shepherd failed to exhaust, so the Court turns to the merits.

"After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence," including "determining the amount of a defendant's jail-time credit." *United States v. Wilson*, 503 U.S. 329, 335 (1992). Whether the BOP has properly calculated a prisoner's sentence "raises two issues: (1) when his federal sentence commenced, and (2) whether he is entitled to credit for any time in custody before the date his sentence commenced." *Curry v. Wingfield*, No. 3:24-CV-141-DPJ-ASH, 2025 WL 2076472, at *5 (S.D. Miss. July 11, 2025), *report and recommendation adopted*, 2025 WL 2076473 (S.D. Miss. July 23, 2025).

A sentence's commencement date is set by statute: "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). BOP Program Statement 5880.28 explains that under the statute,

> [i]f the prisoner is serving no other federal sentence at the time the sentence is imposed, and is in <u>exclusive</u> federal custody (not under the jurisdiction of a federal writ of habeas corpus ad prosequendum) at the time of sentencing on the basis of the conviction for which the sentence is imposed, the sentence commences on the date of imposition, even if a state sentence is running along concurrently.

BOP Program Statement 5880.28, at Part 3.b. In this case, Shepherd was not in exclusive federal custody at the time his federal sentence was imposed but instead in federal custody pursuant to a writ of habeas corpus ad prosequendum. *See Washington v. Chandler*, 533 F. App'x 460, 461 (5th Cir. 2013) ("When [the petitioner] was transferred to the Northern District of Texas pursuant to writs of habeas corpus ad prosequendum, each transfer was 'only a "loan" of the prisoner' such that Texas retained primary jurisdiction." (quoting *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980))). So the commencement date was the date he was finally turned over to exclusive federal custody to begin service of his federal sentence—March 31, 2021.

The next question is whether Shepherd is missing any credits for prior custody to which he is entitled. Title 18 U.S.C. § 3585(b) explains that a prisoner

> shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Applying this statute, the BOP awarded Harris credit for 403 days in custody: from February 22, 2019, through September 11, 2019 (202 days) and September 11, 2020, through March 30, 2021 (201 days). McEvoy Decl. [6-1] ¶ 25. The remaining days between February 21, 2018, and March 30, 2021, were credited towards Shepherd's state sentences. *Id.* ¶¶ 18, 19.[1] Shepherd

[1] Shepherd served 365 days for State Charge #2 (from September 21, 2018, to September 21, 2019), and 365 days for State Charge #3 (from September 12, 2019, to September 11, 2020). The total amount of time from his arrest on February 21, 2018, through his last day in state custody on March 30, 2021, is 1,133 days. This is the sum of his two years in state custody (365 + 365 = 730) and the 403 days he was credited by the BOP.

has not shown that any of the time he was in custody before his federal sentence commenced (and for which his federal sentence has not been credited) has not already "been credited against another sentence." 18 U.S.C. § 3585(b). Instead, it is clear that all such time was credited toward his state sentences. The BOP has correctly calculated Shepherd's sentence.

What of the federal sentencing court's recommendation that Shepherd receive credit for "time served while in federal custody since February 21, 2018"? Reply Ex. A [8-1]. It is well-settled that "the calculation of credit under § 3585(b) rests with the Attorney General (through the BOP), not with the court that imposed the sentence. Consequently, '[b]ecause the [sentencing] court lacks the authority to award or deny credit, the BOP is not bound by its decision.'" *Smith v. McConnell*, 950 F.3d 285, 288 (5th Cir. 2020) (quoting *In re U.S. Bureau of Prisons, Dep't of Justice*, 918 F.3d 431, 439 (5th Cir. 2019)) (additional citation omitted).

What of the fact that the state court, when it sentenced him for State Charge #2 on August 22, 2019, ordered Shepherd's one-year state sentence to run "concurrent with any other sentence serving"? McEvoy Decl. [6-1] Attach. 6 at 2. Shepherd was not then serving his federal sentence; it did not commence until March 31, 2021. That state-court sentence could not run concurrently with a sentence that had not yet begun.

Shepherd also complains that the BOP declined to grant him a nunc pro tunc designation. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010) ("Where a federal sentence was imposed before a state sentence, the BOP may indirectly award credit for time served in state prison by designating nunc pro tunc the state prison as the place in which the prisoner serves a portion of his federal sentence."). But where nothing in the record shows the federal court intended for its sentence "to run concurrently" with a state sentence, "the BOP [is] well within its discretion to deny [a] request for a nunc pro tunc designation." *Rodriguez v. Pitzer*, 76 F. App'x 519, 520 (5th

Cir. 2003). And while the sentencing court expressed its desire that Shepherd receive credit for time in custody before his federal sentence was imposed, the judgment was silent as to future potential state sentences. *See Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003) ("Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively *unless* the district court specifically orders that they run concurrently."). The BOP's refusal to award Shepherd a nunc pro tunc designation does not entitle him to habeas relief.

Finally, in his reply, Shepherd hints that his state convictions were obtained in violation of his constitutional rights. Specifically, he says that he picked up the state charges "for contraband found in a common area" because he was "housed with state inmates despite being under a federal sentence." Reply [8] at 3. He argues that "[h]ad he been in federal custody, the matter would have been a BOP disciplinary infraction, not a new state conviction," such that there would be no state sentences to credit with his jail time. *Id.* Factually, Shepherd was charged with both state charges before he was sentenced by the federal court, and Shepherd has not shown he had a right to be held in a federal facility prior to the imposition of his federal sentence. Regardless, this § 2241 petition challenging the BOP's calculation of Shepherd's federal sentence is not the proper vehicle to challenge the state-court convictions and sentences. *See* Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court."). And in any event, courts typically do not address matters raised first in replies. *See Magnolia Island Plantation, L.L.C. v.*

*Whittington*, 29 F.4th 246, 251–52 (5th Cir. 2022) ("As a general matter, a district court is not required to address new legal issues raised only in a reply brief.").[2]

III. Conclusion and Recommendation

The Court has considered all arguments. Any not directly addressed would not have changed the outcome. For the reasons stated, the undersigned recommends the Court deny and dismiss with prejudice Shepherd's petition.

IV. Notice of Right to Object

In accordance with Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy[3] of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v.*

[2] Shepherd raises yet another new argument for the first time in his reply. He argues Louisiana's "3-for-1" rule means he should have served only three months of his twelve-month sentence on State Charge #3. Reply [8] at 3. This argument is not properly before the Court. *Magnolia Island*, 29 F.4th at 251–52. In any event, Shepherd cites no facts or law to support it, and it isn't entirely clear what he is arguing. Presumably he is suggesting that he would have been entitled to good-time credits under state law. But he fails to demonstrate that he was eligible for good-time credits or that he earned them. His arguments lack merit.

[3] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).

*Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted, this the 4th day of August, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE